OPINION
{¶ 1} Third-party defendant-appellant Jewell E. Perrine appeals the September 21, 2005 Judgment Entry Nunc Pro Tunc of the Perry County Court of Common Pleas, relative to visitation with the minor child of plaintiff Brittany A. Perrine and defendant-appellee Brian A. Murdock.
 STATEMENT OF THE CASE {¶ 2} This action arises out of divorce proceeding between Brittany A. Perrine, fka Brittany A. Murdock, and Brian E. Murdock. One child, Simon Murdock, was born as issue of the marriage on April 10, 1999. On December 18, 2000, the trial court granted a Judgment Entry/Decree of Divorce designating Brittany Perrine, the child's mother, residential parent.
 {¶ 3} On June 22, 2001, third-party defendant-appellant Jewell E. Perrine filed a motion for reallocation of parental rights. Appellant is the child's maternal grandfather. On August 13, 2001, defendant-appellee Brian Murdock filed a motion to be designated as residential parent. On November 26, 2001, the trial court designated appellee the residential parent and awarded substantial parenting time to appellant. On September 29, 2004, appellee filed a motion to modify the allocation of parental rights of appellant.
 {¶ 4} On January 21, 2005, appellee filed a motion to suspend visitation between appellant and the child.
 {¶ 5} Following a purported settlement between the parties, the trial court directed counsel for appellant to circulate a judgment entry for signature by the parties and their counsel reflecting the terms of the settlement agreement.
 {¶ 6} On August 2, 2005, the parties filed an Agreed Judgment Entry approved and signed for by the Guardian Ad Litem, appellee and his counsel, and appellant and his counsel. Brittany Murdock (mother) did not sign or approve the entry.
 {¶ 7} On September 21, 2005, the trial court entered a Judgment Entry Nunc Pro Tunc, modifying the requirement appellant's visitation with the minor child be supervised. Again, appellant's counsel signed the entry, but appellee did not.
 {¶ 8} Appellant now appeals the September 21, 2005 Judgment Entry Nunc Pro Tunc, assigning as sole error:
 {¶ 9} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SIGNING THE SEPTEMBER 22, 2005 [SIC] JUDGMENT ENTRY HOLDING THAT THE "PARTIES ADOPTED THE RECOMMENDATION OF THE GUARDIAN AD LITEM" WHEN NOT ALL PARTIES AND THEIR COUNSEL SIGNED THE JUDGMENT ENTRY AND WHEN ONE PARTY EXPRESSLY REPUDIATED THE AGREEMENT SET FORTH THEREIN.
 {¶ 10} THE TRIAL COURT FURTHER COMMITTED PREJUDICIAL ERROR BY DISMISSING BARBARA PERRINE FROM THE CASE BY THE SEPTEMBER 22, 2005 JUDGMENT ENTRY AND THEREBY DID NOT CONSENT TO BEING DISMISSED AS A PARTY.
 {¶ 11} THUS, THE TRIAL COURT DID NOT HAVE JURISDICTION TO SIGN THE SEPTEMBER 22, 2005 JUDGMENT ENTRY AND SAID JUDGMENT ENTRY IS VOID AB INITIO FOR LACK OF A SETTLEMENT AGREEMENT."
 I {¶ 12} Initially, we note the August 2, 2005 Agreed Judgment Entry was a final appealable order. The only change between the August 2, 2005 Judgment Entry and the September 21, 2005 Judgment Entry Nunc Pro Tunc eliminated the supervision requirement relative to appellant's visitation with his grandson. Though this appears to us to be a substantive change, in the absence of objection by any party, we accept the nunc pro tunc entry as correcting a "clerical mistake". We note, appellant did not seek to take timely appeal from the August 2, 2005 Judgment Entry.
 {¶ 13} Upon review of the briefs, the basis for appellant's appeal of the September 21, 2005 Judgment Entry Nunc Pro Tunc is unclear. The August 2, 2005 Judgment Entry, approved by appellant and his counsel, granted appellant supervised visitation with the minor child. The only modification in the September 21, 2005 nunc pro tunc entry, approved by appellant's counsel, eliminated the requirement of supervision in favor of appellant. We fail to find any prejudice to appellant.
 {¶ 14} We find appellant lacks standing to challenge the trial court's decision on behalf of the parties who did not approve or sign either judgment entry. Specifically, neither mother's nor appellee's failure to sign the September 21, 2005 Judgment Entry Nunc Pro Tunc adversely effect appellant, and he has no standing to appeal on their behalf. Though appellee's brief joins appellant's request for remand, appellee did not file a timely notice of appeal in his own right. Accordingly, we find no error prejudicial to appellant in the trial court's September 21, 2005 Judgment Entry Nunc Pro Tunc and hereby affirm the same.
Hoffman, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court of Common Pleas is affirmed. Costs assessed to appellant.